UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMMY WILLIAMS,

    Plaintiff,

v.                                        CASE NO. 8:17-cv-367-T-23MAP

STATE ATTORNEY OFFICE,

    Defendants.
                                          /

**O R D E R**

    Williams's complaint alleges that the State Attorney's Office for the Sixth Judicial Circuit of Florida violated his civil rights during a state post-conviction proceeding under state Rule 3.850. Williams has neither moved for leave to proceed *in forma pauperis* nor paid the required filing fee. Nevertheless, whether he proceeds *in forma pauperis* or he pays the filing fee, the district court must dismiss an action if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (if proceeding *in forma paupeis*) and 28 U.S.C. § 1915A (if the filing fee is paid). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

**Habeas Corpus:**

Williams discloses that he is a state prisoner in the custody of the Florida Department of Corrections ("DOC"). The DOC's website discloses that Williams is imprisoned for life under a 1994 judgment for robbery with a gun or deadly weapon.[1] Williams specifically entitles his paper a "Complaint Civil Action" and avoids seeking relief under 28 U.S.C. § 2254. Nevertheless, a federal court has an "obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted).

*Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.), *cert. denied*, 549 U.S. 990 (2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)), explains the differences between a civil rights action under 42 U.S.C. § 1983 and a habeas action under 28 U.S.C. § 2254:

> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature

---

[1] The information is accessible by searching under the prisoner's name at "http://www.dc.state.fl.us/OffenderSearch/Search.aspx."

- 2 -

or duration of his sentence, the inmate's claim must be raised in
a § 2254 habeas petition, not a § 1983 civil rights action.

Williams contends that his right to due process was violated because he was allegedly not afforded a fair hearing in the post-conviction proceeding. Williams gains no benefit by liberally construing the civil rights complaint to allege that he was denied his constitutional rights during the state proceeding because the claim would challenge the validity of the criminal conviction. Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy. Additionally, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Williams from challenging the validity of either the conviction or the sentence (including a fine or penalty) by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Williams has no Section 1983

claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

Consequently, Williams fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

**Civil Rights:**

The only named defendant in the complaint is "Asst. State Attorney of record for the Sixth Judicial Circuit Court." (Doc. 1 at 2) The only factual allegations involve the conduct of a Rule 3.850 motion for post-conviction proceeding, which motion was denied without an evidentiary hearing. Williams contends that the denial of his post-conviction motion, which he represents was based on newly discovered evidence that showed his actual innocence, deprived him of "life or liberty [without] due process of law." (Doc. 1 at 3) Williams further contends that the prosecutor and the judge conspired to deny his requested relief.

Although not named as a defendant, Williams complains that the state court judge mishandled the post-conviction proceeding. A state court judge is entitled to absolute immunity from suit in a civil rights action for an act that is within the scope of judicial authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980); *Jones v. Cannon*,

174 F.3d 1271, 1281-82 (11th Cir. 1999). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judicial immunity is not defeated by an allegation of bad faith or malice. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Also, judicial immunity is not defeated because an action is filed under Section 1983. *Consumers Union*, 446 U.S. 734–35. As a consequence, Williams cannot pursue a claim for damages against the state court judge.

Williams's allegations show that the state attorney acted in the capacity of a prosecutor. Prosecutorial immunity precludesWilliams's recovering compensatory damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Hart v. Hodges*, 587 F.3d 1288, 1294–96 (11th Cir. 2009), *cert. denied*, 560 U.S. 953 (2010), for a thorough review of the breadth of prosecutorial immunity. As a consequence, Williams cannot pursue a claim for damages against the prosecutor.

**No Appellate Jurisdiction:**

Williams complains that the state court failed to follow controlling law when it denied his motion for post-conviction relief. A federal district court has no supervisory or appellate jurisdiction over a state court, as *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998), explains:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 Fed. App'x 818, 825 (11th Cir. 2006)[2] (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

## **CONCLUSION**

As determined above, Williams can pursue a claim for monetary damages against neither the state court judge nor the prosecutor. Williams must pursue a challenge to his conviction and sentence in an application for the writ of habeas corpus. As a consequence, Williams fails to state a claim upon which relief can be granted in the present action. Amendment of the action would prove futile because Williams can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must enter a judgment of dismissal against Williams and close this case.

ORDERED in Tampa, Florida, on June 7, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE