UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMMY WILLIAMS,

    Plaintiff,

v.                                                         CASE NO. 8:17-cv-367-T-23MAP

STATE ATTORNEY OFFICE,

    Defendants.
_____/

**O R D E R**

    Williams's complaint alleges that the State Attorney's Office for the Sixth Judicial Circuit of Florida violated his civil rights during a state post-conviction proceeding under state Rule 3.850. An earlier order (Doc. 3) dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failing to state a claim "upon which relief may be granted." Williams "Petitions for Reconsideration." (Doc. 5)

    As discussed in the earlier order (Doc. 3 at 2), Williams (1) is imprisoned for life under a 1994 judgment for robbery with a gun or deadly weapon, (2) entitles his pleading a "Complaint Civil Action," and (3) specifically avoids seeking relief under 28 U.S.C. § 2254. Williams contends that, in violation of his right to due process, the prosecutor and the state court judge conspired to deny him a fair hearing in the post-conviction proceeding. The earlier order explains (1) that Williams cannot proceed with a civil rights action because a ruling in his favor questions the validity of the

conviction or sentence, (2) that his remedy is in an application for the writ of habeas corpus, (3) that both the state court judge and the prosecutor are entitled to absolute immunity, and (4) that a federal district court has no appellate jurisdiction over a state court.

Williams's "Petitions for Reconsideration" is construed as seeking relief under Rule 60, Federal Rules of Civil Procedure. Williams's only assertion that warrants discussion is his contention that the "prosecutor and judge engaged in prosecutorial misconduct in post-conviction proceedings," which subjects [them] to 'fine damages' or imprisonment." The basis for this contention is that the judge accepted the prosecutor's argument during the post-conviction proceedings and denied relief without an evidentiary hearing. As stated in the earlier order (Doc. 3 at 4–5), a prosecutor is entitled to absolute immunity for acts performed in the capacity of a prosecutor and a judge is entitled to absolute immunity for acts performed in the capacity of a judge.

Williams is impermissibly attempting to circumvent the prohibition against a second or successive application. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), both recognizes that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" and cautions that a petitioner cannot use a Rule 60 motion to circumvent the prohibition against a second or successive motion:

> Using Rule 60(b) to present new claims for relief from a state
> court's judgment of conviction – even claims couched in the
> language of a true Rule 60(b) motion – circumvents AEDPA's

> requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. at 531–32. Williams's complaint was denied on the merits — the "substance" as described in *Gonzalez* — and Williams raises only "substance" issues in his Rule 60(b) motion. Williams cites no fraud, voidness, or mistake — no "defect" in integrity as described in *Gonzalez* — triggering Rule 60(b). In short, Williams attempts to use Rule 60 exactly as rejected in *Gonzalez*.

Accordingly, Williams's "Petition for Reconsideration" (Doc. 5) is **DENIED**.

ORDERED in Tampa, Florida, on July 11, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE